

ORIGINAL

FILED

03/16/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0168

## IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0168

ZACHARY NORMAN,

    Petitioner,

v.

EIGHTEENTH JUDICIAL DISTRICT COURT,
GALLATIN COUNTY, HONORABLE JOHN C.
BROWN, Presiding,

    Respondent.

FILED

MAR 16 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

By petition filed March 15, 2023, Petitioner Zachary Norman, via counsel, seeks a writ of supervisory control to reverse an oral ruling of the Eighteenth Judicial District Court in Gallatin County Cause No. DC-22-35C in which that court ordered that Norman's trial, set to commence on March 21, 2023, be continued. Norman asserts the court did not determine that Norman violated § 46-15-323, MCA, and therefore the court erred in sanctioning Norman by continuing the trial.

According to Norman's petition, he timely disclosed his expert in accordance with the controlling Omnibus Order. Norman later requested, and received, additional information from the State Crime Lab for his expert's consideration. Norman's expert then created a PowerPoint presentation that Norman provided to the State. With a jury trial set to commence on March 21, 2023, the State moved on March 6, 2023, to either continue the trial, with the time to count against Norman, or exclude Norman's expert's testimony because it alleged the disclosure of the PowerPoint presentation was "extraordinarily late" and that it had insufficient time to review the presentation and prepare its witnesses ahead of trial.

The District Court held a hearing on the State's motion on March 8, 2023. While the court's ruling has not been thus far reduced to written order, Norman has provided us

a transcript of the hearing. As discussed in Norman's petition for writ, the court concluded that the defense had made proper disclosures and had acted in conformance with the requirements of the Omnibus Order and applicable statutes. However, given the short amount of time between the PowerPoint production and the trial date, the court determined that the State needed a "fair chance to respond" and it therefore vacated the March 21, 2023 trial date but indicated that it would set the case to begin July 17, 2023.

We have considered Norman's petition on an expedited basis given the time constraints involved as the remedy requested would set trial to commence in less than a week.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). Supervisory control is appropriate when the district court is proceeding based on a mistake of law which, if uncorrected, would cause significant injustice for which an appeal is an inadequate remedy. *Truman v. Mont. Eleventh Judicial Dist. Court*, 2003 MT 91, ¶ 13, 315 Mont. 165, 68 P.3d 654 (citing *Park v. Sixth Judicial Dist. Court*, 1998 MT 164, ¶ 13, 289 Mont. 367, 961 P.2d 1267). Whether it is appropriate for this Court to assume supervisory control is a "case-by-case decision that depends on the presence of extraordinary circumstances and a particular need to prevent an injustice from occurring." *Truman*, ¶ 13 (citing *Park*, ¶ 13).

In this instance, Norman asserts the normal appeal process cannot adequately address the District Court's decision to continue his trial as he will likely remain incarcerated until the new trial date since he cannot afford the bond. He maintains the court erred as a matter of law by sanctioning him via a continuance under § 45-15-329(2), MCA, when the court concluded that he had not failed to comply with any statute or order of the court.

2

However, while a court may grant a continuance as a sanction, it also has the discretion to order a continuance if the interests of justice so require. Section 46-13-202(2), MCA. Here, the provided hearing transcript manifests that the District Court granted the continuance in the interests of justice rather than as a sanction against Norman.

This court reviews a trial court's ruling on a motion for continuance under an abuse of discretion standard. *State v. Fields*, 2002 MT 84, ¶ 20, 309 Mont. 300, 46 P.3d 612 (citing *State v. Borchert*, 281 Mont. 320, 324, 934 P.2d 170, 173 (1997)). A petition for writ that does not raise an issue that is purely one of law but involves a matter of discretion fails to satisfy the standards for supervisory control. *Henderson v. Mont. Third Judicial Dist.*, No. OP 22-0069, 408 Mont. 540, 507 P.3d 140 (Feb. 15, 2022). Norman has not shown that the District Court is proceeding under a manifest error of law, that ordinary appeal will be inadequate to remedy any abuse of discretion, or that extraordinary review is otherwise warranted on an emergency basis to prevent a gross miscarriage justice.

IT IS THEREFORE ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Eighteenth Judicial District Court, Gallatin County, Cause No. DC-22-35C, and to the Honorable John C. Brown, presiding Judge.

DATED this /6ᵗʰ day of March, 2023.

_____
Chief Justice

_____

_____

_____

3

_____
Justices